UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

RYAN TURIZO and REECE HAWKES,

  Plaintiffs,

 v.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC, a foreign limited
liability company,

  Defendant.
_____/

## COMPLAINT

1. This is a civil action by Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES against Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, a foreign limited liability company.

2. Plaintiff RYAN TURIZO seeks in excess of $75,000 in compensatory damages, exclusive of costs, interest, and attorneys' fees, and in excess of $75,000 in punitive money damages against Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, a foreign limited liability company.

3. Plaintiff REECE HAWKES seeks in excess of $75,000 in compensatory damages, exclusive of costs, interest, and attorneys' fees, and in excess of $75,000 in punitive money damages against Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, a foreign limited liability company.

## PARTIES

4. Plaintiff RYAN TURIZO (hereinafter "Plaintiff TURIZO" or "TURIZO" ) is a

resident of Broward County, state of Florida.

5. Plaintiff REECE HAWKES (hereinafter "Plaintiff") is a resident of Collin County, state of Texas.

6. ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, (hereinafter "Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC"), is a foreign corporation within the meaning of 28 U.S.C. § 1332(c), insofar as it is incorporated in the state of Delaware and its principal place of business is located in St. Louis, Missouri. In this action, Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, acted through its agents, employees, and servants, including Ryan Teeto and others.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship insofar as this action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000 dollars, exclusive of interest and costs.

8. Venue is based upon 28 U.S.C. § 1391(b)(2) and (c), insofar as Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, is subject to personal jurisdiction in the Southern District of Florida, and resides therein.

9. Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, is registered to conduct business and regularly conducts business in the state of Florida. The business conducted by Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, consists of substantial and not isolated contacts, and is conducted by Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC on a systemic basis.

10. At the time of this action and pursuant to 28 U.S.C. § 1391(c), Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, was engaged in the business of renting

motor vehicles in the Southern District of Florida, including a leasing center located at Arrigo Dodge Chrysler Jeep Sawgrass, 5901 Madison Avenue, Tamarac, Broward County, Florida.

11. Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, also maintains a registered agent for purposes of service of process at 1200 South Pine Island Road, Plantation, Florida, and is otherwise subject to personal jurisdiction throughout the state of Florida.

## FACTS COMMON TO ALL COUNTS

12. At all times material hereto, David James (hereinafter "James") was an officer of JTL Distributors, Inc., a foreign corporation engaged in the sale and installation of electronics equipment.

13. At all times material hereto, Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES were agents, servants, and employees of of JTL Distributors, Inc., and James.

14. In July 2017, James rented a work van from Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, at their offices located at Arrigo Dodge Chrysler Jeep Sawgrass, 5901 Madison Avenue, Tamarac, Broward County, Florida.   The van was operated by employees of JTL Distributors, Inc.

15. The van rented by James experienced a mechanical failure and on or about July 26, 2017, was "switched out" for a different van by Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, at their offices located at 4509 Tamiami Trail, Port Charlotte, Florida.

16. At all times material hereto, the licence plate attached by Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC to the replacement van was invalid.

17. On July 28, 2017, Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES were operating the replacement van on Belvedere Road in Palm Beach County, state of Florida.

18. At all times material hereto, Plaintiff RYAN TURIZO was driving the replacement van, and Plaintiff REECE HAWKES occupied the front passenger's seat.

19. While traveling near the Palm Beach International Airport the replacement van was observed by Deputy Banger (hereinafter "Banger") of the Palm Beach County Sheriff's Office.

20. Based on information and belief, the van's license tag was run on teletype and came back "no record found," indicating that the tag was not currently registered in the state of Florida.

21. Several deputy sheriffs, including Banger, thereafter conducted a stop on the replacement van, which was surrounded by three undercover (i.e., unmarked) police vehicles.

22. Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES were ordered out of the replacement van by armed sheriff's deputies, and handcuffed behind their backs.

23. Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES remained handcuffed behind their backs for approximately one hour.

24. At all times material hereto, Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES experienced physical pain and personal humiliation associated with being handcuffed behind their backs for a prolonged period of time while on the property of a convenience store/gas station, in full view of employees and patrons of the convenience store/gas station, and the traveling public.

25. Based on information and belief, representatives from Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, were contacted when their van was "recovered" by the sheriffs deputies, at which time Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, admitted that the suspect license plate attached to the replacement van was, in fact, the license plate provided by Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC.

26. Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES were thereafter released from custody.

## CAUSES OF ACTION

### COUNT I
### RYAN TURIZO'S NEGLIGENCE CLAIM AGAINST DEFENDANT ENTERPRISE LEASING COMPANY OF FLORIDA, LLC

For his cause of action against Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC in Count I, Plaintiff RYAN TURIZO states:

27.    Plaintiff RYAN TURIZO realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 26.

28.    Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC owed a duty of care to refrain from renting a vehicle that was not affixed with a valid license plate.

29.    At all times material hereto, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, breached their duty of care by renting a van to James that was not affixed with a valid license plate.

30.    As a foreseeable consequence of the conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, Plaintiff RYAN TURIZO was arrested and handcuffed by members of the Palm Beach County Sheriff's Office while driving the replacement van for James.

31.    The conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, constitutes gross negligence and deliberative indifference to the rights and liberty of Plaintiff RYAN TURIZO. *Townsend v. Westside Dodge, Inc.*, 642 So.2d 49, 50 (Fla. 1st DCA 1994).

32.    As a direct and proximate result of the acts described above, Plaintiff RYAN TURIZO has suffered grievously and has been brought into public scandal, with great humiliation, and mental suffering.

33.    As a further direct and proximate result of the conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, Plaintiff RYAN TURIZO suffered loss of his liberty

and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff RYAN TURIZO's losses are either permanent or continuing and Plaintiff RYAN TURIZO will suffer the losses in the future, in violation of Plaintiff RYAN TURIZO's rights.

WHEREFORE, Plaintiff RYAN TURIZO prays:

　　i.　　Judgment for compensatory damages in excess of $75,000 dollars;

　　ii.　　Judgment for punitive damages in excess of $75,000 dollars;

　　iii.　　Cost of suit;

　　iv.　　Trial by jury as to all issues so triable; and

　　v.　　Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
### REECE HAWKES' NEGLIGENCE CLAIM AGAINST DEFENDANT ENTERPRISE LEASING COMPANY OF FLORIDA, LLC

For his cause of action against Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC in Count II, Plaintiff REECE HAWKES states:

34.　　Plaintiff REECE HAWKES realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 26.

35.　　Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC owed a duty of care to refrain from renting a vehicle that was not affixed with a valid license plate.

36.　　At all times material hereto, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, breached their duty of care by renting a van to James that was not affixed with a valid license plate.

37.　　As a foreseeable consequence of the conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, Plaintiff REECE HAWKES was arrested and handcuffed by members of the Palm Beach County Sheriff's Office while traveling as a passenger in the

replacement van rented by James.

38. The conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, constitutes gross negligence and deliberative indifference to the rights and liberty of Plaintiff REECE HAWKES. *Townsend v. Westside Dodge, Inc.*, 642 So.2d 49, 50 (Fla. 1st DCA 1994).

39. As a direct and proximate result of the acts described above, Plaintiff REECE HAWKES has suffered grievously and has been brought into public scandal, with great humiliation, and mental suffering.

40. As a further direct and proximate result of the conduct of Defendant ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, Plaintiff REECE HAWKES suffered loss of his liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff REECE HAWKES's losses are either permanent or continuing and Plaintiff REECE HAWKES will suffer the losses in the future, in violation of Plaintiff REECE HAWKES's rights.

WHEREFORE, Plaintiff REECE HAWKES prays:

i. Judgment for compensatory damages in excess of $75,000 dollars;

ii. Judgment for punitive damages in excess of $75,000 dollars;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

41. Plaintiff RYAN TURIZO and Plaintiff REECE HAWKES demand trial by jury on all issues so triable as of right.

**DATED** this  29th  day of August, 2017.

> By:  *s/. Hugh L. Koerner*
> Hugh L. Koerner
> Florida Bar No.: 716952
> Email: hlklaw@hughkoerner.com
> Hugh L. Koerner, P.A.
> Sheridan Executive Centre
> 3475 Sheridan Street, Suite 208
> Hollywood, FL 33021
> Telephone:  (954) 522-1235
> Facsimile:   (954) 522-1176
> *Attorney for Plaintiffs Ryan Turizo and Reece Hawkes*